**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 1, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAEVON HOUSE,

    Defendant - Appellant.

No. 22-1240
(D.C. No. 1:22-CR-00046-RM-1)
(D. Colo.)

---

### ORDER AND JUDGMENT*

---

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

---

Daevon House pled guilty to possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 91 months in prison, one month below the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range. On appeal, he challenges the substantive reasonableness of his sentence. Aplt. Br. at 2-3. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

\* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Law enforcement officers stopped a vehicle in which Mr. House was a passenger.  He exited the vehicle and ran away on foot, carrying a firearm.  Officers pursued and eventually caught up to Mr. House, who threw the firearm to the ground. After they arrested him, the officers discovered the firearm was loaded and that Mr. House had previously been convicted of a felony offense.

Mr. House was indicted for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  He pled guilty under a plea agreement.

The Presentence Investigation Report ("PSR") calculated Mr. House's offense level as 23 and his criminal history category as VI, resulting in a Guidelines range of 92 to 115 months of imprisonment.  His criminal history included a second-degree assault offense that he committed when he was 14 years old.  Mr. House objected to the PSR, arguing the second-degree assault offense was a juvenile conviction, so his criminal history category should be V rather than VI.

Mr. House also filed a sentencing statement requesting a downward departure. He argued that even if the second-degree assault offense was an adult conviction, he was only 14 and thus his criminal history category overrepresented the seriousness of his criminal history.

Mr. House also asked for a downward variance based on his abusive childhood.  As he recounted in his brief, he "was exposed early in his life to criminal behavior, drugs, and gang culture," and "felt rejected by his parents, unsafe in the

world, and was subjected to both physical and sexual trauma." Aplt. Br. at 13.
Mr. House also submitted letters from his wife and aunt, who both said that he was a
decent person and had made serious efforts at rehabilitation.

At the sentencing hearing, the district court overruled Mr. House's objection to
the PSR, finding the second-degree assault offense was an adult conviction under the
Guidelines. The court denied Mr. House's request for a downward departure, but it
granted a downward variance of one month below the low-end of the Guidelines
range. The court imposed a 91-month prison sentence. This appeal followed.

## II. **DISCUSSION**

Mr. House argues his sentence was substantively unreasonable. We "review[]
the substantive reasonableness of a district court's sentence for abuse of discretion,
giving substantial deference to the district court[]." *United States v. Maldonado-
Passage*, 56 F.4th 830, 842 (10th Cir. 2022). A sentence is substantively
unreasonable "only if it is arbitrary, capricious, whimsical, or manifestly
unreasonable." *United States v. Gantt*, 679 F.3d 1240, 1249 (10th Cir. 2012). And if
a sentence falls below the Guidelines range, it is presumptively reasonable. *United
States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). The party challenging the
sentence bears the burden of rebutting this presumption. *United States v. Kristl*, 437
F.3d 1050, 1054 (10th Cir. 2006).

The district court imposed a below-Guidelines sentence. ROA, Vol. III at
65-66. Mr. House must therefore show it was "manifestly unreasonable." *Gantt*, 679
F.3d at 1249. He argues the district court gave inadequate weight to evidence of

(1) his abusive childhood, Aplt. Br. at 12-15; and (2) his efforts at rehabilitation through education. *Id*. at 15-16.

The district court did not abuse its discretion. It considered the PSR, "all matters related to that report, that have been filed by the parties," and "the statements and arguments of counsel"—which included Mr. House's evidence of childhood trauma and rehabilitation. ROA, Vol. III at 62. The court also stated it considered Mr. House's relative youth when he committed the second-degree assault, noting that "14 is real young." *Id*. at 65. But the court also noted that Mr. House's youth when he committed a serious and troubling crime "cuts in a lot of different ways for me." *Id*. The court observed that Mr. House's criminal history, coupled with other information presented at sentencing, reflected "dangerousness, [which] is something that does attach with a high degree of concern to Mr. House . . . ." *Id*. The court therefore balanced Mr. House's traumatic upbringing and efforts at rehabilitation against his troubling criminal history. *Id*. It then imposed a sentence with a small downward variance. *Id*. Paying "substantial deference to the district court[]," *Maldonado-Passage*, 56 F.4th at 842, we cannot say the court's weighing of the relevant factors was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Gantt*, 679 F.3d at 1249.

## III. **CONCLUSION**

We affirm Mr. House's sentence.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | | |
|---|---|---|
| Christopher M. Wolpert | | Jane K. Castro |
| Clerk of Court | | Chief Deputy Clerk |

March 01, 2023

Mr. Ryan A. Ray
Norman Wohlgemuth
401 South Boston Avenue, Suite 3200
Tulsa, OK 74103

**RE:     22-1240, United States v. House**
          Dist/Ag docket: 1:22-CR-00046-RM-1

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:     Marissa Rose Miller


CMW/na